1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Honorable Richard A. Jones
Hearing Date:  September 18, 2020

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ATM SHAFIQUL KHALID, an individual, and
on behalf of similarly situated, Xencare
Software, Inc.,

               Plaintiff,

          vs.

CITRIX SYSTEMS, INC., a Delaware
corporation, AKA John Doe *n*.

             Defendant.

Case No 2:20-cv-00711-RAJ

DEFENDANT CITRIX SYSTEMS, INC.'S
MOTION TO DISMISS UNDER
RULES 12(B)(1) AND 12(B)(6)

NOTE ON MOTION CALENDAR:
September 18, 2020

ORAL ARGUMENT REQUESTED

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ)

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................. 1

II. STATEMENT OF FACTS ............................................... 2

III. LEGAL STANDARDS ................................................... 3

   A. Standard under Fed. R. Civ. P. 12(b)(1) ................... 3

   B. Standard under Fed. R. Civ. P. 12(b)(6) ................... 4

IV. LEGAL ARGUMENT ................................................... 4

   A. Khalid's Claims Are Barred by Issue and Claim Preclusion ................................. 4

     1. Many of Khalid's Claims Were Already Raised in the State Action ......... 6

     2. The Remainder of Khalid's Claims Could Have Been Raised ................... 6

   B. Even if Khalid's Claims Were Not Precluded, They Fail to State Claims ............. 7

     1. Khalid Fails to Plausibly Plead Any Antitrust Claims (Counts 1-3) .......... 8

       a. Khalid Has Not Pleaded a *per se* Violation of the Sherman Act .............. 9

       b. Khalid Has Not Plausibly Alleged Market Power in a Relevant Market, as Required for All Remaining Antitrust Claims ............. 9

       c. Khalid Has Failed to Allege the Required Anticompetitive Conduct to Plead Sherman and Clayton Act Claims ........ 11

       d. Khalid Has Not Properly Pleaded a Robinson-Patman Claim ...... 13

     2. Khalid Fails to State a Claim for Involuntary Servitude (Count 4) .......... 14

     3. Khalid Fails to State a Racketeering Claim (Count 5)............................. 16

     4. Khalid Fails to State a Civil Rights Claims (Counts 6, 7, and 8) ............. 19

     5. Khalid's Tort Claims are Time-Barred and Precluded (Count 9)............. 22

     6. Khalid Fails to State a Claim under the Washington CPA (Count 10)..... 23

   C. Citrix is Entitled to Sanctions and its Reasonable Costs and Attorneys' Fees. ......... 24

V. CONCLUSION.................................................. 24

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - i

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*,
 836 F.3d 1171 (9th Cir. 2016) ..................................................................................8

*Alan Neuman Prods, Inc. v. Albright*,
 862 F.2d 1388 (9th Cir. 1989) ................................................................................18

*Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp.*,
 592 F.3d 991 (9th Cir. 2010) ..................................................................................11

*Alvarado v. Universidad Carlos Albizu*,
 No. 10-22072-CIV, 2010 WL 3385345 (S.D. Fla. Aug 25, 2010) ..........................15

*Am. Ad Mgmt., Inc. v. GTE Corp.*,
 92 F.3d 781 (9th Cir. 1996) ......................................................................................9

*Arminak & Assocs. v. Saint-Gobain Calmar, Inc.*,
 789 F. Supp. 2d 1201 (C.D. Cal. 2011) ..................................................................12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).................................................................................................4

*Atl. Richfield Co. v. USA Petroleum Co.*,
 495 U.S. 328 (1990).................................................................................................9

*Bray v. Alexandria Women's Health Clinic*,
 506 U.S. 263 (1993).................................................................................................21

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
 429 U.S. 477 (1977).................................................................................................12

*Brunswick Corp. v. Riegel Textile Corp.*,
 752 F.2d 261 (7th Cir. 1984) ............................................................................11, 12

*Carpenters Health & Sec. Trust of W. Wash. v. Paramount Scaffold, Inc.*,
 No. 12–1252-RSM, 2013 WL 392717 (W.D. Wash. Jan. 31, 2013)........................5

*Carter v. ALK Holdings, Inc.*,
 605 F.3d 1319 (Fed. Cir. 2010)................................................................................21

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*,
 No. C10-861RSM, 2013 WL 12064878 (W.D. Wash. Sept. 10, 2013) ..................22

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - ii

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
　590 F.3d 806 (9th Cir. 2010) ..................................................................4

*Cedric Kushner Promotions v. King*,
　533 U.S. 158 (2001)..............................................................................17

*Cervantes Orchards & Vineyards v. Deere & Co.*,
　731 F. App'x 570 (9th Cir. 2017) .........................................................19

*Christiansburg Garment Co. v. EEOC*,
　434 U.S. 412 (1978)..............................................................................22

*Clay v. Hilton Worldwide Holdings, Inc.*,
　No. C18-1262JLR, 2020 WL 1987126 (W.D. Wash. Apr. 27, 2020), *appeal filed*, No. 20-35465 (9th Cir. May 27, 2020) ...........................................6

*Costantini v. Trans World Airlines*,
　681 F.2d 1199 (9th Cir. 1982) ...............................................................7

*Doan v. Singh*,
　617 F. App'x 684 (9th Cir. 2015) ....................................................16, 17

*Doe v. Siddig*,
　810 F. Supp. 2d 127 (D.D.C. 2011) ......................................................16

*Eclectic Props. E. v. Marcus & Millichap Co.*,
　751 F.3d 990 (9th Cir. 2014) ................................................................19

*Freier v. N.Y. Life Ins. Co.*,
　679 F.2d 780 (9th Cir. 1982) ................................................................21

*Gorlick Distribution Ctrs. v. Car Sound Exhaust Sys. Inc.*,
　723 F.3d 1019 (9th Cir. 2013) ..............................................................13

*Gotham Print, Inc. v. Am. Speedy Printing Ctrs., Inc.*,
　863 F. Supp. 447 (E.D. Mich. 1994).....................................................18

*Grimmett v. Brown*,
　75 F.3d 506 (9th Cir. 1996) ..................................................................16

*Gupta v. Thai Airways Intern.*,
　487 F.3d 759 (9th Cir. 2007) ..................................................................5

*Haines v. Kerne*,
　404 U.S. 519 (1972)................................................................................4

*Howard v. Am. Online Inc.*,
　208 F.3d 741 (9th Cir. 2000) ................................................................19

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - iii

*Ill. Tool Works Inc. v. Indep. Ink, Inc.*,
    547 U.S. 28 (2006)...................................................................................................10

*Image Tech. Servs., Inc. v. Eastman Kodak Co.*,
    125 F.3d 1195 (9th Cir. 1997) ................................................................................10

*Inst. Of Cetacean Research v. Sea Shepherd Conservation Soc'y*,
    153 F. Supp. 3d 1291 (W.D. Wash. 2015)................................................................3

*Ivey v. Bd. of Regents*,
    673 F.2d 266 (9th Cir. 1982) ....................................................................................4

*In re Jensen*,
    980 F.2d 1254 (9th Cir. 1992) ..................................................................................5

*Kazia Digo, Inc. v. Smart Circle Int'l*,
    No. C11–544RSL, 2012 WL 836233 (W.D. Wash. Mar. 12, 2012) ......................23

*Khalid v. Microsoft Corp.*,
    409 F. Supp. 3d 1023 (W.D. Wash. 2019), *appeal dismissed by* 2019 WL
    6250434 (9th Cir. Oct. 25, 2019) *and recons. denied by* 2019 WL 6213162
    (W.D. Wash. Nov. 21, 2019) ........................................................................... *passim*

*Khalid v. Microsoft Corp.*,
    No. C19-0130 RSM, 2019 WL 6213162 (W.D. Wash. Nov. 21, 2019).................3, 14, 20, 21

*Khalid v. Microsoft Corp.*,
    No. C19-130-RSM, 2020 WL 1674123 (W.D. Wash. Apr. 6, 2020) ............................ *passim*

*King v. Atiyeh*,
    814 F.2d 565 (9th Cir. 1987) ....................................................................................4

*Kiwanuka v. Bakilana*,
    844 F. Supp. 2d 107 (D.D.C. 2012) ........................................................................16

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1994)....................................................................................................3

*Lagasan v. Al-Ghasel*,
    92 F. Supp. 3d 445 (E.D. Va. 2015) ........................................................................16

*Leegin Creative Leather Prod., Inc. v. PSKS, Inc.*,
    551 U.S. 877 (2007)....................................................................................................8

*Lexmark Intern., Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014)....................................................................................................4

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

*Louie v. Exxon Mobil Oil Corp.*,
No. C09-48RAJ, 2011 WL 1475665 (W.D. Wash. Mar. 17, 2011) .......................................22

*Lyall v. Bank of Am.*,
No. C19-1506-RSM, 2020 WL 1322923 (W.D. Wash. Mar. 20, 2020)....................................5

*Madison 92nd St. Assocs. v. Courtyard Mgmt. Corp.*,
624 F. App'x 23 (2d Cir. 2015) .............................................................................................9

*May Dep't Store v. Graphic Process Co.*,
637 F.2d 1211 (9th Cir. 1980) ...............................................................................................3

*McDougal v. Cty. of Imperial*,
942 F.2d 668 (9th Cir. 1991) .................................................................................................20

*Multifab, Inc. v. ArlanaGreen.com*,
122 F. Supp. 3d 1055 (E.D. Wash. 2015) ..............................................................................24

*Nat'l Prod., Inc. v. Arkon Res., Inc.*,
294 F. Supp. 3d 1042 (W.D. Wash. 2018), *aff'd*, 773 F. App'x 377 (9th Cir. 2019)..............23

*Ohio v. Am. Express Co.*,
138 S. Ct. 2274 (2018)...............................................................................................8, 9, 10

*Omega Envtl. v. Gilbarco, Inc.*,
127 F.3d 1157 (9th Cir. 1997) ......................................................................................10, 13

*Philips N. Am. v. Summit Imaging Inc.*,
No. C19-1745JLR, 2020 WL 1515624 (W.D. Wash. Mar. 30, 2020)....................................23

*Pistor v. Garcia*,
791 F.3d 1104 (9th Cir. 2015) ...............................................................................................3

*Prof'l Real Estate In'rs, Inc. v. Columbia Pictures Indus., Inc.*,
508 U.S. 49 (1993).................................................................................................................12

*Reves v. Ernst & Young*,
507 U.S. 170 (1993)...............................................................................................................17

*Rose v. Rinaldi*,
654 F.2d 546 (9th Cir. 1981) .................................................................................................20

*Shevchynski v. City of Eugene*,
131 F.3d 148 (9th Cir. 1997) .................................................................................................22

*Somers v. Apple, Inc.*,
729 F.3d 953 (9th Cir. 2013) ..................................................................................................8

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

*Stewart v. Burlington N. Santa Fe R.R.*,
   31 F. Supp. 2d 1243 (W.D. Wash. 1999)......................................................................21

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
   322 F.3d 1064 (9th Cir. 2003) ...................................................................................5

*Tanaka v. Univ. of S. Calif.*,
   252 F.3d 1059 (9th Cir. 2001) ..................................................................................10

*Tsao v. Desert Palace, Inc.*,
   698 F.3d 1128 (9th Cir. 2012) ..................................................................................20

*U.S. v. Dann*,
   652 F.3d 1160 (9th Cir. 2011) ..................................................................................15

*U.S. v. Kozminski*,
   487 U.S. 931 (1988)..................................................................................................16

*United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*,
   770 F.3d 834 (9th Cir. 2014) ....................................................................................19

*United Food v. Walgreen Co.*,
   719 F.3d 849 (7th Cir. 2013) ....................................................................................17

*Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko*,
   540 U.S. 398 (2004)............................................................................................12, 13

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
   382 U.S. 172 (1965)......................................................................................8, 11, 12

*Walker v. BAC Home Loans Servicing, L.P.*,
   No. C14-1709JLR, 2015 WL 999920 (W.D. Wash. Mar. 5, 2015)............................6

*Williams v. I.B. Fischer Nev.*,
   999 F.2d 445 (9th Cir. 1993) ....................................................................................13

*Windsor Auctions, Inc. v. eBay, Inc.*,
   No. C-07-06454RMW, 2008 WL 2622791 (N.D. Cal. July 1, 2008) .....................13

*Woodell v. Expedia Inc.*,
   No. C19-0051JLR, 2019 WL 3287896 (W.D. Wash. July 22, 2019)................17, 18

**State Cases**

*Afoa v. Port of Seattle*,
   191 Wn.2d 110, 421 P.3d 903 (2018).......................................................................5

*Bordeaux v. Ingersoll Rand Co.*,
   71 Wn.2d 392, 429 P.2d 207 (1967).......................................................................6

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

*Ensley v. Pitcher*,
    152 Wn. App. 891, 222 P.3d (2009) .................................................23

*Karlberg v. Otten*,
    167 Wn. App. 522, 280 P.3d 1123 (2012) ............................................5

*Lightfoot v. MacDonald*,
    86 Wn. 2d 331, 544 P.2d 88 (1976) ....................................................23

*Pac. Sound Res. v. Burlington N. Santa Fe Ry. Corp.*,
    130 Wn. App. 926, 125 P.3d 981 (2005) ............................................23

*Sprague v. Spokane Valley Fire Dep't*,
    189 Wn.2d 856, 409 P.3d 160 (2018) ...................................................5

**Federal Statutes**

15 U.S.C.
    § 13.............................................................................................9, 14
    § 13(f)............................................................................................13
    § 18 (Clayton Act) ...................................................................*passim*

18 U.S.C.
    § 1584...............................................................................14, 15, 16
    § 1589...............................................................................14, 15, 16
    § 1589(a)........................................................................................14
    § 1589(a)-(b)..................................................................................15
    § 1589(c)(1)...................................................................................14
    § 1589(c)(2)...................................................................................15
    § 1594(a)........................................................................................14
    § 1951(b)(2)...................................................................................18
    § 1962(c).........................................................................16, 17, 19
    § 1962(d)........................................................................................19

28 U.S.C. § 1367 ..................................................................................24

42 U.S.C.
    § 1983..................................................................................19, 20, 21, 22
    § 1985..................................................................................20, 21, 22
    § 1985(2)..............................................................................19, 20
    § 1985(3)........................................................................................19

Clayton Act
    § 3.................................................................................................13
    § 7.................................................................................................12

Robinson-Patman Act ......................................................................9, 13

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

Sherman Act
  § 1........................................................................................................8, 9, 11, 13
  § 2........................................................................................................8, 9, 11, 13

Trafficking Victims Protection Reauthorization Act ...........................................14, 15

Washington's Consumer Protection Act ("CPA").............................................6, 23, 24

**State Statutes**

RCW
  4.16.080...................................................................................................................22
  19.86..................................................................................................................6, 23
  19.86.020.................................................................................................................23

**Rules**

Fed. R. Civ. P.
  9(b).........................................................................................................................18
  11.............................................................................................................................24
  11(c)(2)...................................................................................................................24
  12(b)(1)..................................................................................................................3, 5
  12(b)(6)....................................................................................................................4
  12(h)(3).....................................................................................................................3

**Constitutional Provisions**

U.S. CONST.
  ARTICLE 1, Clause 8, § 8........................................................................19, 21
  ARTICLE 1 § 8 .................................................................................................21

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

## I.   INTRODUCTION

This entire lawsuit is a blatant attempt to re-litigate a dispute with Citrix that is currently pending before the Washington State Court of Appeals and should be dismissed. Plaintiff ATM Shafiqul Khalid[1] ("Khalid") has simply taken the same nucleus of facts from his state lawsuit – in essence ownership of the '219 and '637 patents and related theories of damage arising from the parties' dispute over ownership – and dressed them up with new labels to present them in a different forum. The claims are both precluded by the pending state court case and are woefully deficient as a matter of law. The entire case, which also mirrors Khalid's nearly identical federal lawsuit against Microsoft dismissed by Judge Martinez with prejudice earlier this year, should be dismissed with prejudice and sanctions against Khalid, whose persistence in asserting claims he knows are specious should be stopped.

Khalid filed a *pro se* lawsuit against Citrix in Washington State Court on October 2, 2015 (the "State Action"), for claims arising out of Citrix's ownership assertions over the same two patents at issue in the amended complaint here.[2] Khalid subsequently retained counsel (three law firms, in fact). The State Action was vigorously litigated for years, tried in 2018, and is now pending review on two separate appeals before the Washington Court of Appeals. Despite the number of attorneys involved at the state court level, ***not one*** of Khalid's lawyers appears in this action, which may be a tacit recognition that such parallel litigation is plainly improper.

Moreover, Khalid is well aware of the defects of the presently asserted claims, separate and apart from the fact they are precluded by the pending State Action. In 2019, Khalid attempted to bring a nearly identical complaint against Microsoft. Judge Martinez, after considering both Khalid's initial complaint and first amended complaint, dismissed all claims with prejudice. Khalid then filed this nearly identical lawsuit against Citrix. The amended complaint should be dismissed for all the same reasons the Microsoft case was dismissed.

---

[1] Although the case caption lists Khalid as an individual and on behalf of his company, Xencare Software, Inc., the substance of the amended complaint makes it clear that there is only one plaintiff, Khalid, in this case. All of the claims are alleged on behalf of a single plaintiff, and plaintiff is defined only as Khalid.
[2] Khalid filed and served an amended complaint on August 5, 2020, the operative complaint for this motion.

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 1

1    Citrix asks the Court to dismiss the amended complaint with prejudice, and with fees and

2    costs to Citrix.

## II.    STATEMENT OF FACTS

4    The parties have been litigating these matters for years. Khalid first filed a complaint

5    against Citrix on October 2, 2015 in King County. *See* Declaration of Sarah Ames ("Ames

6    Decl."), Ex. 1. Citrix sought removal to federal court and Khalid successfully fought federal

7    jurisdiction, remanding to state court. *Id.* Ex. 7. Although Khalid filed *pro se* initially, he

8    ultimately retained three separate law firms to represent him and subsequently added Xencare as

9    a plaintiff. Khalid is still represented by these three law firms on two appeals now pending

10   before the Washington Court of Appeals, Division One. *Id.* Ex. 2. After acquiring legal counsel,

11   Khalid amended his complaint, twice briefed summary judgment, and presented arguments to a

12   12-person jury over the course of nearly two weeks in King County in July 2018. *Id.* Ex. 3 at

13   Docket Nos. 75, 290C and 384A; *Id.* Ex. 4. Following trial, presumably unhappy with the

14   outcome, Khalid sought reconsideration. *Id.* Ex. 3 at Docket No. 451. He then appealed, as did

15   Citrix. *Id.* Exs. 9-10. Oral argument before the Court of Appeals is currently scheduled for

16   September 30, 2020. *Id.* Ex. 2.

17   At issue in the State Action are claims arising from Khalid's five-year employment with

18   Citrix, where he worked in the research and development department. *Id.* Ex. 11 at 2, 17.

19   Khalid's entire job for Citrix was to innovate, including but not limited to applying for patents.

20   At the heart of the pending State Court matter are two patents Khalid developed while working

21   for Citrix (the two patents referenced in the amended complaint at issue here). *Id.* at 3-4. Khalid

22   developed these patents ostensibly on his own time but while using Citrix resources, and upon

23   learning of the patents, Citrix demanded assignment pursuant to the Invention Assignment

24   Agreement Khalid signed at hire.[3] *Id.* at 7.  Citrix's assignment demand occurred on October 25,

25   2011, via a letter sent by Citrix in-house counsel to Khalid. *Id.* at 4, Ex. 4 at 2.72.

26

27   _____

[3] An Agreement that, despite Khalid's claims in his current amended complaint, the State Court *specifically* found to be enforceable. Ames Decl. Ex. 12 at 3.

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 2

Khalid objected to the assignment demand and brought claims against Citrix under various legal theories to support the proposition that such demand cost Khalid and his company Xencare millions of dollars in potential income from the patents. *Id*. Ex. 4. Citrix counterclaimed under the Lanham Act because Khalid's use of "Xen" in "Xencare" infringed on Citrix's Trademark Xen. *Id*. Ex. 13.  The Court agreed with Citrix and ordered Khalid to stop using Citrix's Trademark Xen. *Id*. Ex. 8. A jury heard Khalid's claims in July 2018 and awarded him a fraction of the damages he sought. All parties have appealed. Khalid, through his attorneys, submitted appellate briefs and will argue these issues before the Washington Court of Appeals, Division One on September 30, 2020.

While Khalid's case against Citrix was pending in State Court, he filed an action against Microsoft in the Western District of Washington. *Id*. Ex. 5. The case was assigned to Judge Martinez, who twice dismissed Khalid's claims, ultimately with prejudice. *Id.* Ex. 6; *see also Khalid v. Microsoft Corp.*, No. C19-130-RSM, 2020 WL 1674123 (W.D. Wash. Apr. 6, 2020); *Khalid v. Microsoft Corp.*, No. C19-0130 RSM, 2019 WL 6213162 (W.D. Wash. Nov. 21, 2019). After being informed by Judge Martinez that he did not and could not state cognizable claims under the legal theories alleged, Khalid filed the instant Complaint, containing nearly identical allegations against Citrix.

## III.   LEGAL STANDARDS

### A.    Standard under Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). A party can make an F.R.C.P. 12(b)(1) motion for lack of subject matter jurisdiction on the face of the pleadings or on the basis that the actual facts do not support jurisdiction. *Inst. Of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1298-99 (W.D. Wash. 2015). The Court can ignore plaintiff's allegations, consider extrinsic evidence, and resolve factual disputes on a Rule 12(b)(1) motion. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). A defendant may challenge subject matter at any time. F.R.C.P. 12(h)(3); *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980).

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

**B.**     **Standard under Fed. R. Civ. P. 12(b)(6)**

F.R.C.P. 12(b)(6) provides that a complaint should be dismissed if the facts alleged in the complaint are insufficient to state a claim or there is no law to support the claims made. To survive a motion to dismiss for failure to state a claim pursuant to F.R.C.P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept as true all well-pled factual allegations in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). The facts alleged must also be sufficient to support both constitutional standing, which requires an injury-in-fact, as well as statutory standing. Even if a plaintiff has an injury-in-fact for constitutional standing under Article III, the plaintiff still must have a right to sue under the statute that is the basis for relief. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014) (holding plaintiff may well have an injury-in-fact cognizable under Article III but still no right to invoke the protection of the statute).

*Pro se* plaintiffs are bound by the rules of procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)*, overruled on other grounds*. Although *pro se* complaints are to be interpreted liberally,[4] *Haines v. Kerne*, 404 U.S. 519, 520-21 (1972), the Court may not supply essential elements that are not pleaded. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.     LEGAL ARGUMENT

**A.**     **Khalid's Claims Are Barred by Issue and Claim Preclusion**

Khalid cannot use this Court to assert claims arising from the same factual nexus as those currently pending before the state courts. This is precisely what Khalid attempts here. His State Action squarely addresses the ownership of the patents at issue, the propriety of Citrix's

---

[4] Here, although Khalid represents himself *pro se* in this matter, he is represented by three different law firms in the currently pending State Court Action, arising out of the same allegations. Khalid should not be given the same liberal interpretation that is generally accorded to *pro se* plaintiffs, as multiple law firms have already been involved in the review of the situation and drafting of cognizable claims based on that review. Citrix can only assume that Khalid's current legal counsel declined to represent Khalid in this baseless action.

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

assertion of ownership, and any damages that flowed therefrom. The related doctrines of issue

and claim preclusion prevent piecemeal litigation that occurs when different tribunals consider

the same legal or factual issue. They prevent the possibility of duplicate efforts and inconsistent

results, and bar *all* of Khalid's current claims as they merely present new theories for the same

issues, and this Court should dismiss under F.R.C.P. 12(b)(1).

Under Washington law, collateral estoppel, or issue preclusion, bars the re-litigation of

issues that were decided in a previous proceeding involving the same parties. *Sprague v. Spokane*

*Valley Fire Dep't*, 189 Wn.2d 856, 898-99, 409 P.3d 160 (2018). To prevail on an argument of

issue preclusion in Washington, defendant must show (1) the actions address the same issues; (2)

the prior action ended in a final judgment on the merits; (3) the party against whom the doctrine

is asserted was a party to, or in privity with, a party to the prior action; and (4) application of the

doctrine is not unjust. *Afoa v. Port of Seattle*, 191 Wn.2d 110, 131, 421 P.3d 903 (2018).

Relatedly, res judicata—or claim preclusion—applies where claims in a state and federal

action arise out of the same nucleus of facts. Claim preclusion bars the subsequent claim *even if*

*it was not part of the prior lawsuit*. *See Lyall v. Bank of Am.,* No. C19-1506-RSM, 2020 WL

1322923, at *4 (W.D. Wash. Mar. 20, 2020). To prevail on an argument of claim preclusion, the

defendant need show only "identity between a prior judgment and a subsequent action as to

(1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of persons for

or against whom the claim is made." *Karlberg v. Otten*, 167 Wn. App. 522, 536, 280 P.3d 1123

(2012).[5] Claim preclusion defines "claims" broadly as those that *could have been* raised in the

prior proceeding.[6] *In re Jensen*, 980 F.2d 1254, 1256 (9th Cir. 1992); *Tahoe-Sierra Pres.*

*Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) ("The

fact that res judicata depends on an 'identity of claims' does not mean that an imaginative

attorney may avoid preclusion by attaching a different legal label to an issue that has, or could

[5] The Court applies Washington law to determine whether the earlier action precludes plaintiff's claims. *Gupta v. Thai Airways Intern.,* 487 F.3d 759, 765 (9th Cir. 2007).

[6] The fact that the State Action is on appeal and, therefore, not final is irrelevant for purposes of determining whether claim preclusion applies. *See Carpenters Health & Sec. Trust of W. Wash. v. Paramount Scaffold, Inc.,* No. 12–1252-RSM, 2013 WL 392717, *3 (W.D. Wash. Jan. 31, 2013).

have, been litigated."). Khalid cannot use subsequent litigation to raise claims that could have been brought during the first action.

### 1.     Many of Khalid's Claims Were Already Raised in the State Action

As even a cursory review of the pending State Action reveals Khalid's current claims are barred by both issue and claim preclusion: Khalid is simply trying to take another crack at the same issues that he already has or could have litigated at the state level. Telling here, the facts alleged and subject matter addressed in the amended complaint are nearly identical to those raised by his counsel and already litigated in the State Action. Ames Decl., Ex. 4. The Court need only review the complaints in both matters to determine that Khalid is estopped from re-litigating the following issues that he seeks to collaterally attack the State Action issues of:

- Whether Citrix has a right to or ownership in any of the patents at issue. *Id.* ¶ 3.6.
- Whether Citrix's alleged actions with regards to the patents injured or interfered with Khalid's business. *Id.* ¶¶ 3.7, 3.8, and 3.21.
- Whether Citrix violated the Washington Consumer Protect Act under RCW 19.86. *Id.* ¶¶ 3.9-3.13.

The fact that Khalid disagrees with the outcome of the State Action does not mean that application of collateral estoppel would be unjust. *See Clay v. Hilton Worldwide Holdings, Inc.*, No. C18-1262JLR, 2020 WL 1987126, at *9 (W.D. Wash. Apr. 27, 2020).[7]

### 2.     The Remainder of Khalid's Claims Could Have Been Raised

Khalid's remaining claims must be dismissed as claims that could have been brought in the State Action. All elements of claim preclusion are present.

*The Same Parties and Same Quality of Parties.* Both Khalid and Citrix were parties to the State Action, just as they are parties in this action. Likewise, the quality of the parties is the same in both the State Action and the current action because Khalid and Citrix occupy the same roles of plaintiff and defendant. *See, e.g.*, *Walker v. BAC Home Loans Servicing, L.P.*, No. C14-1709JLR, 2015 WL 999920, at *5 (W.D. Wash. Mar. 5, 2015); *Bordeaux v. Ingersoll Rand Co.*,

---

[7] *Appeal filed*, No. 20-35465 (9th Cir. May 27, 2020).

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 6

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

71 Wn.2d 392, 397-98, 429 P.2d 207 (1967).

*The Same Subject Matter.* Both the State Action and this case involve the same subject matter, namely Khalid's interest in the patents at issue, Citrix's assertion of ownership of such patents, and alleged injuries caused by Citrix's claim of ownership.

*The Same Causes of Action.* Claim preclusion prevents re-litigation of claims or defenses that either were or could have been decided in the prior action. A plaintiff does not avoid the bar of claim preclusion merely because he has pleaded a new legal theory or alleges additional conduct not alleged in a prior suit. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir. 1982). Were this permissible, an unsuccessful plaintiff could re-litigate as long as a slight variation in legal theory exists. Here, Khalid brings new legal theories of the same alleged wrongs in the form of anti-trust, RICO, forced labor, and civil rights claims. All could have been litigated in the State Action.

Unhappy with the results of the State Action, Khalid seeks a second bite of the apple, and increased damages, by bringing a federal action that necessarily involves the re-litigation of issues and claims that are properly before the Washington state courts. Khalid could have asserted any of his claims, including the federal claims he now brings, in the State Action, and his claims must, therefore, be dismissed with prejudice. The inquiry should stop here.

**B.      Even if Khalid's Claims Were Not Precluded, They Fail to State Claims**

Khalid's entire amended complaint must be dismissed because it is precluded by the State Action. In addition, Khalid's claims must also be dismissed because they fail to state a single cognizable claim against Citrix.

Khalid is well aware of the legal and factual defects of his claims because he already attempted to bring many of them against Microsoft. Following several rounds of briefing, Judge Martinez dismissed Khalid's claims with prejudice. Khalid now attempts one last Hail Mary and brings the same dismissed claims, rooted in essentially the same alleged facts, against Citrix. As discussed below, Khalid has not and cannot state a single cognizable claim, and all claims must be dismissed with prejudice.

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 7

### 1. Khalid Fails to Plausibly Plead Any Antitrust Claims (Counts 1-3)

Khalid's allegations, even if true, do not state an antitrust claim. Any alleged violation of the antitrust laws "can be unreasonable in one of two ways": a narrow category of horizontal agreements between competitors to fix prices or divide markets are deemed illegal *per se*, while all other alleged violations are evaluated under the Rule of Reason. *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2283-84 (2018). To properly plead a *per se* violation, Khalid must plead an agreement which is one of the "small group of restraints" to which courts have applied *per se* treatment. *Id.* at 2283. These "include horizontal agreements among competitors to fix prices or to divide markets." *Leegin Creative Leather Prod., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007).

To properly plead a rule of reason violation, Khalid must plead facts that establish the requisite elements. *See, e.g.*, *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1178 (9th Cir. 2016) (Section 1 requires "(1) the existence of an agreement, and (2) that the agreement was in unreasonable restraint of trade"); *Somers v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013) (Section 2 requires "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury."). Khalid has not—and, by his own admissions in the pleadings, cannot—proceed under either theory.

*First*, none of Citrix's alleged agreements are *per se* violations of the Sherman Act. *Per se* condemnation under Section 1 is reserved for a narrow category of agreements—horizontal agreements among competitors to fix prices or divide markets—which courts have determined are almost always injurious to competition. Khalid alleges no such agreements here.

*Second*, in order to allege a rule of reason violation of the Sherman or Clayton Acts, Khalid is required to allege that Citrix has market power in a relevant market. The amended complaint appears to conflate the existence of a *patent* with the existence of a *market*. But the fact that this case involves patents does not automatically transform a contractual dispute over patent ownership into an antitrust case.

*Third*, Khalid has failed to properly plead any theory of antitrust harm. The amended complaint alleges that Citrix has engaged in exclusive dealing, *Walker Process* fraud, an illegal

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

merger, and monopolization. But none of these theories is plausible on the facts alleged.

        **a.**      **Khalid Has Not Pleaded a *per se* Violation of the Sherman Act**

As the *Microsoft* court correctly concluded after examining substantially the same factual allegations, none of the alleged agreements described in Khalid's suit is a *per se* violation of the antitrust laws. *See Khalid v. Microsoft Corp.*, 2020 WL 1674123, at *4. Section 1 of the Sherman Act prohibits (1) a "contract, combination . . . or conspiracy" between two or more persons (2) that unreasonably restrains trade or commerce. *Am. Ad Mgmt., Inc. v. GTE Corp.,* 92 F.3d 781, 784 & n.4 (9th Cir. 1996); *see also Atl. Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 334 (1990). When evaluating alleged anticompetitive conduct under Section 1, "A small group of restraints are unreasonable *per se* because they always or almost always tend to restrict competition and decrease output." *Ohio v. Am. Express Co.*, 138 S. Ct. at 2283-84. "Typically only 'horizontal' restraints . . . qualify as unreasonable *per se*." *Id.* at 2283-84.

Here, none of the agreements Khalid points to is a horizontal agreement between competitors. Citrix was Khalid's employer and Microsoft's vendor. Khalid's alleged agreements between Citrix and Khalid, or Citrix and Microsoft, are thus ***vertical*** agreements—not horizontal agreements subject to potential *per se* treatment. *See, e.g.*, *Madison 92nd St. Assocs. v. Courtyard Mgmt. Corp.*, 624 F. App'x 23, 28 (2d Cir. 2015) (dismissing where "the alleged agreement between the defendants was at most a vertical agreement between buyers and sellers at different levels of the market, rather than a horizontal agreement between competitors").[8]

        **b.**      **Khalid Has Not Plausibly Alleged Market Power in a Relevant Market, as Required for All Remaining Antitrust Claims**

Khalid's remaining claims under Sections 1 and 2 of the Sherman Act and under the Clayton Act are judged under the rule of reason.[9] *See Ohio v. Am. Express*, 138 S. Ct. at 2283-84

---

[8] In addition, as the *Microsoft* court points out, an employment agreement cannot form the basis for a Section 1 claim unless Khalid is attempting to claim he *perpetrated* a conspiracy, an employer and employee are a single economic entity. *Khalid v. Microsoft*, 2020 WL 1674123, at *3 ("Plaintiff's Section 1 claim as to the Employee Agreement again fails to state an actionable conspiracy.").

[9] Khalid's allegation that Citrix violated 15 U.S.C. § 13, *see* Am. Compl. ¶ 95, is an allegation that Citrix violated the Robinson-Patman Act and is separately addressed below.

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

("Restraints that are not unreasonable *per se* are judged under the 'rule of reason.'"). But "courts usually cannot properly apply the rule of reason without an accurate definition of the relevant market." *Id.* at 2285; *see also Omega Envtl. v. Gilbarco, Inc.*, 127 F.3d 1157, 1169 (9th Cir. 1997) (in an exclusive dealing case, a plaintiff must show "the competition foreclosed by the contract [constitutes] a substantial share of the relevant market"). So "[f]ailure to identify a relevant market is a proper ground for dismissing a Sherman Act claim." *Tanaka v. Univ. of S. Calif.*, 252 F.3d 1059, 1063 (9th Cir. 2001). Because Khalid has neither plausibly alleged a relevant market nor alleged that Citrix has market power in a relevant market, these claims fail.

Khalid's amended complaint alleges a number of markets including a market for desktops in the residential environment, a market for desktop virtualization, and a market for office apps. Am. Compl. ¶ 79. But these are not relevant *antitrust* markets: Khalid does not allege that Citrix's actions affected competition in these markets. Instead, Khalid alleges Citrix deprived him of revenues "within the relevant cloud and gaming market." *Id.* ¶ 81. But, again, this cannot be the relevant antitrust market in which to judge Citrix's actions because Citrix *does not compete* in the "cloud and gaming market"—Khalid alleges only that *Microsoft* operates in that market. *Id.* So the "cloud and gaming market" cannot be "the field in which meaningful competition is said to exist" which Citrix allegedly has reduced or eliminated. *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir. 1997).

Khalid's failure to plausibly allege an antitrust market may stem from a mistaken belief that if the '219 and '637 patents would have entitled Khalid to royalties, they automatically constitute a market for purposes of an antitrust analysis without any additional facts regarding the relevant market or its participants. *See* Am. Compl. ¶ 87 ("The patent by itself creates a new market."). Not so. The existence of a patent does not imply the existence of a relevant antitrust market or that the holder of a patent has market power. *See Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 45-46 (2006) ("Congress, the antitrust enforcement agencies, and most economists have all reached the conclusion that a patent does not necessarily confer market power upon the patentee. Today, we reach the same conclusion."). As the Seventh Circuit has

explained:

> Although the Patent Office will not issue a patent on an invention that has no apparent utility, the invention need not have any commercial value at all (other products or processes may be superior substitutes), and it certainly need not have enough value to enable the patentee to drive all or most substitutes from the market. If a patent has no significant impact in the marketplace, the circumstances of its issuance cannot have any antitrust significance.

*Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261, 265 (7th Cir. 1984). Khalid's failure to plead a relevant market is not saved by the mere fact this case concerns patents, and their rule of reason claims fail for this reason alone.

### c.     Khalid Has Failed to Allege the Required Anticompetitive Conduct to Plead Sherman and Clayton Act Claims

Khalid's rule of reason antitrust claims also fail because Khalid fails to plausibly allege that Citrix's actions fit any known theory of antitrust harm. Khalid alleges that Citrix's actions are unlawful exclusive dealing and an illegal merger under the Clayton Act, Am. Compl. ¶¶ 96-87, a *Walker Process* violation under Section 1, *id.* ¶ 112, and unlawful monopolization under Section 2, *id.* ¶ 117. But Khalid has not pleaded facts required to support any of these theories of harm.

***Exclusive Dealing***. Khalid alleges that Citrix illegally claimed ownership of the '219 and '637 patents and that by doing so Khalid was deprived of the opportunity to use the patents. *See* Am. Compl. ¶ 96. But even if this were true, Khalid has no claim for unlawful exclusive dealing. "Exclusive dealing involves an agreement between a vendor and a buyer that prevents the buyer from purchasing a given good from any other vendor." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp.*, 592 F.3d 991, 996 (9th Cir. 2010). Here, there is no vendor-buyer relationship or purchase of goods alleged. The only agreements alleged are Khalid's employment agreement and Microsoft's vendor agreement with Citrix. So Khalid does not allege any facts that create a plausible inference Citrix's actions "'foreclose[d] competition in a substantial share of [a] line of commerce.'" *Id.* (quoting *Omega Envtl.,* 127 F.3d at 1162).

***Walker Process***. Khalid alleges that Citrix's rejection of a licensing offer and patent

litigation against Khalid constitutes antitrust violations. Am. Compl. ¶ 112. But as a general rule, "it is procompetitive, not anticompetitive, for businesses to pursue patent infringement litigation, if necessary, against competitors . . . because these suits safeguard the procompetitive incentive to innovate fostered by the patent laws." *Arminak & Assocs. v. Saint-Gobain Calmar, Inc.*, 789 F. Supp. 2d 1201, 1209 (C.D. Cal. 2011). Thus, a defendant typically is immunized from allegations its patent litigation creates antitrust liability. *See Prof'l Real Estate In'rs, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 56 (1993). Nor is there any general duty to license a patent to a competitor. *See Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko*, 540 U.S. 398, 411 (2004) (noting the "proposition that there is no duty to aid competitors" has "few . . . exceptions").

The Supreme Court has recognized that a patent lawsuit can create antitrust liability where a company prosecutes a patent that was secured through "fraud on the [p]atent office." *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174 (1965). But fraud on the patent office means "[t]he invention sought to be patented must not be patentable." *Riegel Textile Corp.*, 752 F.2d at 265. Here, Khalid has pleaded the patents at issue are valid—the alleged "fraud" is that they were transferred to Citrix. This is not *Walker Process* fraud and cannot escape the general antitrust immunity conferred on litigation activity. *See id.*[10]

***Illegal Merger***. Khalid asserts that Citrix's claim of ownership over the '219 and '637 patents is an illegal merger under Section 7 of the Clayton Act (15 U.S.C. §18). Am. Compl. ¶ 97. But Section 7 of the Clayton Act requires a plaintiff to plead that the effect of a merger or acquisition "may be substantially to lessen competition, or to tend to create a monopoly." 15 U.S.C. § 18. Here, Khalid fails to explain how competition is lessened in any respect as a result of the patent transfer. Although Khalid has alleged that *he* was injured by this transfer, he has failed to allege any injury to *competition*, as he must. *See Brunswick Corp. v. Pueblo Bowl-O-*

---

[10] There is a second narrow exception to the general immunity conferred on litigation where the litigation is alleged to be a sham. *See Arminak & Assocs.*, 789 F. Supp. 2d at 1208. However, Khalid does not allege sham litigation, nor does he plead the required elements of such a claim. *See Prof'l Real Estate Inv'rs*, 508 U.S. at 61 (explaining elements).

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 12

*Mat, Inc.*, 429 U.S. 477, 488 (1977) ("The antitrust laws . . . were enacted for 'the protection of competition, not competitors.'").

**Monopolization**. Khalid's Section 2 claim alleges that Citrix's ownership of the '637 and '219 patents constitutes monopolization because the patents give Citrix monopoly power. *See* Am. Compl. ¶ 115 ("Citrix attempted to retain 100% market power"). Patents do not automatically confer market power, as explained above. But regardless, "the possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive *conduct.*" *Verizon Commc'ns*, 540 U.S. at 407. Khalid does not explain what *conduct* is allegedly anticompetitive under Section 2. So their claim for monopolization fails.[11]

> **d.    Khalid Has Not Properly Pleaded a Robinson-Patman Claim**

Paragraph 95 of the amended complaint alleges a violation of 15 U.S.C. § 13(f). This is an allegation that Citrix induced Khalid to violate the price discrimination prohibitions of the Robinson-Patman Act. *See Gorlick Distribution Ctrs. v. Car Sound Exhaust Sys. Inc.*, 723 F.3d 1019, 1021 (9th Cir. 2013). But Khalid has alleged none of the elements required to establish a violation of the Robinson-Patman Act, which are "(1) Two or more contemporaneous sales by the same seller; (2) At different prices; (3) Of commodities of like grade and quality; (4) Where at least one of the sales was made in interstate commerce; (5) The discrimination had the requisite effect upon competition generally; and (6) The discrimination caused injury to the plaintiff." *Windsor Auctions, Inc. v. eBay, Inc.*, No. C-07-06454RMW, 2008 WL 2622791, at *2 (N.D. Cal. July 1, 2008) (quoting *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975)). Patents are not "commodities." Nor has Khalid alleged he contemporaneously sold other similar patents to others. Nor has Khalid explained how the transfer had any effect on "competition generally," other than the fact Khalid was unable to earn royalties. Khalid's

---

[11] To the extent Khalid is claiming Citrix's alleged violations of the Clayton Act and Section 1 are also violations of Section 2, the Court may dismiss for the reasons previously stated. *See Omega Envtl.*, 127 F.3d at 1167 n.13 ("If an exclusive dealing arrangement does not fall within the broader proscription of § 3 of the Clayton Act, it follows that it is not forbidden by §§ 1 and 2 of the Sherman Act.") (original alterations and quotation marks omitted); *Williams v. I.B. Fischer Nev.*, 999 F.2d 445, 448 (9th Cir. 1993) (if, in reviewing an alleged Sherman Act violation, a court finds that the conduct in question is not anticompetitive under § 1, the court need not separately analyze the conduct under § 2).

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 13

claimed violation of 15 U.S.C. § 13, whether styled as a Clayton Act claim or a Robinson-Patman claim, must fail.

### 2.    Khalid Fails to State a Claim for Involuntary Servitude (Count 4)

In a particularly egregious and knowing misstatement of the law, Khalid claims that Citrix attempted to secure free labor from him and held him in "involuntary servitude" in violation of the anti-slavery provisions of 18 U.S.C. § 1594(a) by claiming that it owns patents he developed while employed, threatening legal action, withholding severance money, and allegedly clouding the patent title. This claim is identical to Khalid's forced labor claims brought in a separate action against Microsoft Corporation and summarily rejected by Judge Martinez. *Khalid v. Microsoft Corp.,* 409 F. Supp. 3d 1023, 1034 (W.D. Wash. 2019).[12] As Judge Martinez explained, as a matter of law the alleged actions are simply not "forced labor" or "involuntary servitude" as described in 18 U.S.C. § 1589 or 18 U.S.C. § 1584. *Id.* As Khalid learned or should have learned from Judge Martinez, his claims are not actionable under 18 U.S.C. § 1594(a) or 1595(a) and must be dismissed.

First, 18 U.S.C. § 1589, which was passed as part of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), makes it a crime to "knowingly … obtain the labor or services of a person" by means of, among other things, "threats of force, physical restraints, or threats of physical restraint . . .  serious harm or threats of serious harm . . .  [or] the abuse or threatened abuse of law or legal process." 18 U.S.C. § 1589(a). The statute further defines the term "abuse or threatened abuse of law or legal process" as "the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose *for which the law was not designed*, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action." 18 U.S.C. § 1589(c)(1) (emphasis added). The term "serious harm" is defined as "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is *sufficiently serious*, under all the

---

[12] *Appeal dismissed by* 2019 WL 6250434 (9th Cir. Oct. 25, 2019) *and recons. denied* by 2019 WL 6213162 (W.D. Wash. Nov. 21, 2019).

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." 18 U.S.C. § 1589(c)(2) (emphasis added).

The TVPRA was enacted by Congress to address modern-day human trafficking, where victims may be "held in a condition of servitude through nonviolent coercion." *U.S. v. Dann*, 652 F.3d 1160, 1169 (9th Cir. 2011). The statute provides a cause of action for individuals who are coerced to work against their will because of serious harm or threat of serious harm—even if that harm is non-physical. *See* 18 U.S.C. 1589(a)-(b); *Khalid*, 409 F. Supp. 3d at 1034.

Khalid alleges that despite being employed to work in the research and development group, Citrix subjected him to forced labor by requiring the transfer of patents to Citrix or a grant to a free license, threatening Khalid with legal action for refusing to so transfer, and withholding Khalid's severance money as a result of Khalid's refusal to transfer. He contends such actions constitute "serious harm." Am. Compl. ¶¶ 120-124. Khalid's allegation is misplaced and is an affront to the actual trafficking victims the TVPRA is designed to protect. As Khalid well knows from Judge Martinez's 2019 opinion on the issue in the case he brought against Microsoft, the TVPRA is ***not*** intended to address the situation here; Khalid's "forced labor" claim neither satisfies the elements nor fits the intent of the statute it invokes. *See Alvarado v. Universidad Carlos Albizu*, No. 10-22072-CIV, 2010 WL 3385345, at *4 (S.D. Fla. Aug 25, 2010) ("Typical § 1589 cases involve use of force, threats of violence, fraud, and coercion that present the employee/traffickee from having viable exit options"). Based on the definition of "forced labor" on its face, Khalid has not been coerced into working against his will and has, therefore, failed to state a claim under § 1589. *See Khalid*, 409 F. Supp. 3d at 1034 ("Victims of forced labor are coerced to work against their will because of serious harm or threat of serious harm."). To the contrary, as Judge Martinez explained, Khalid wanted to continue working on the patents at issue, but has chosen not to. *See id.*

Khalid's allegation of involuntary servitude in violation of 18 U.S.C. § 1584 must also be dismissed. Section 1584 is derived from the Slave Trade statute of 1818 and the Padrone statute

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

of 1874; it prohibits holding or selling any person into involuntary servitude. *See U.S. v. Kozminski*, 487 U.S. 931, 944-46 (1988). Section 1584 is violated by the creation of a condition of servitude in which the victim is forced to work for the defendant by "the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." *Kozminski*, 487 U.S. at 952. It has recently been invoked in the domestic service worker context where the worker's employer has, for example, confiscated her passport, held her in isolation, threatened deportation, and subjected her to verbal and psychological abuse. *See, e.g. Lagasan v. Al-Ghasel*, 92 F. Supp. 3d 445, 452 (E.D. Va. 2015); *Kiwanuka v. Bakilana,* 844 F. Supp. 2d 107, 111 (D.D.C. 2012); *Doe v. Siddig*, 810 F. Supp. 2d 127, 130 (D.D.C. 2011). Like § 1589, § 1584 is not intended to encompass the facts presented here. Because Khalid has failed to plead, and cannot truthfully do so, that he was coerced into working against his will, Khalid's § 1584 claim is similarly deficient. Neither deficiency can be cured, and Khalid's "forced labor" and "involuntary servitude" claims must be dismissed with prejudice.

### 3.   Khalid Fails to State a Racketeering Claim (Count 5)

Just as Khalid could not plead a RICO claim against Microsoft, he has failed to plead the claim against Citrix.

To survive a motion to dismiss, a RICO plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity (known as "predicate acts"); (5) causing injury to the Khalid's "business or property." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); 18 U.S.C. § 1962(c). Here, Khalid has not alleged the elements of 1) enterprise, 2) racketeering activity, or 3) causation.

***First***, Khalid's conclusory allegation that "Microsoft and Citrix partnership formed an associate-in-fact enterprise with a common purpose" is insufficient. Am. Compl. ¶ 127. To allege an association-in-fact enterprise, a plaintiff "must describe a group of persons associated together for a common purpose of engaging in a course of conduct" and must provide evidence of both "an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015). A plaintiff must

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

also identify a person who is distinct from the association-in-fact enterprise, and that the person "conducted or participated in the conduct of the *enterprise's* affairs, not just their own affairs." *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (emphasis in original); *see also Cedric Kushner Promotions v. King,* 533 U.S. 158, 161 (2001) ("[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name."); *United Food v. Walgreen Co.*, 719 F.3d 849, 853-54 (7th Cir. 2013) ("Section 1962(c) requires a plaintiff to identify a "person"—*i.e.*, the defendant—that is distinct from the RICO enterprise."). "Allegations that are consistent with ordinary business activities or purposes are insufficient when pleading an association-in-fact RICO enterprise." *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896 at *8 (W.D. Wash. July 22, 2019). Finally, the entity itself "is not the pattern of racketeering activity," it is "an entity separate and apart from the pattern of activity in which it engages." *Doan*, 617 F. App'x at 686.

Here, Khalid's allegations of an association-in-fact enterprise is limited to the threadbare conclusions that Microsoft and Citrix are in a "partnership . . . with a common purpose of taking ownership of '219 and '637 patents." Am. Compl. ¶ 127. The only possible connection that Khalid alleges is that Microsoft was a Citrix vendor. *Id.* Merely asserting that two entities have a common purpose, without more, is insufficient to show an enterprise. *See Khalid,* 2020 WL 1674123 at *8 (dismissing with prejudice the same allegations as insufficient to plead an enterprise between Microsoft and Citrix).

Khalid also fails to allege a distinct person, separate and apart from the purported enterprise, or that the person was conducting or participating in the association-in-fact enterprise's affairs instead of just its own. Instead, the few allegations of conduct that may be read generously into the amended complaint are consistent with Citrix and Microsoft's ordinary business activities, e.g., attempting to enforce employment agreements and intellectual property rights. Am. Compl. ¶¶ 128-130. Khalid attempts to gin up an enterprise by rattling off alleged and wholly unsupported racketeering activities. Am. Compl. ¶ 128. Not only has he failed to

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

adequately allege racketeering, but even if he had, racketeering activity does not make an enterprise. *See Woodell,* 2019 WL 3287896, at *8. Khalid has failed to allege the existence of an enterprise, and the claim must be dismissed for failing to allege an essential element.

**Second**, Khalid has not alleged racketeering activity. Racketeering activity includes any act indictable under the Hobbs Act, such as mail and wire fraud, and extortion. 18 U.S.C. § 1951(b)(2); 1961(1)(A), (B). Khalid claims that Citrix engaged in "extortion and email or wire fraud." Am. Compl. ¶ 127. Fraud-based RICO claims, like Khalid's, must comply with Rule 9(b), "which requires that circumstances constituting fraud be stated with particularity." *Woodell,* 2019 WL 3287896, at *4; *see also Alan Neuman Prods, Inc. v. Albright,* 862 F.2d 1388, 1392-93 (9th Cir. 1989) (concluding that a complaint failed to properly allege a RICO claim based on mail and wire fraud because the allegations did not satisfy Rule 9(b)).

The only allegation of email or wire fraud that could possibly be gleaned from the amended complaint is that Citrix "told" Khalid that it "already owned the '219 and '637 patents," and that Microsoft "over email falsely asserted" that Khalid did not own the '219 and '637 patents. Am. Compl. ¶ 131. These allegations fall far short of Rule 9(b)'s stringent requirements. Khalid failed to "plead both the alleged fraud and facts relating to the alleged use of the mails." *Woodell*, 2019 WL 3287896, at *5; *see also Gotham Print, Inc. v. Am. Speedy Printing Ctrs., Inc.*, 863 F. Supp. 447, 457 (E.D. Mich. 1994) ("Courts have been particularly sensitive to [Rule] 9(b)'s pleading requirements in RICO cases in which the 'predicate acts' are mail fraud and wire fraud, and have further required specific allegations as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme"). Completely missing from the amended complaint are any details, let alone particular details, describing the alleged fraud.

Khalid's reliance on Washington's extortion statute is similarly unavailing. It appears that Khalid claims Citrix extorted him by withholding severance, requiring that he sign employment agreements, and asserting its intellectual property rights (all issues already raised against Citrix in the State Action under different theories). Importantly, "there is nothing inherently wrongful

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

about the use of economic fear to obtain property." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 838 (9th Cir. 2014). Thus, even if Citrix withheld severance or required an employment agreement, such actions do not give rise to racketeering activity based on extortion. *See Khalid*, 2020 WL 1674123, at *8 (dismissing similar allegations against Microsoft because asserting "demands . . . based on its understanding of its rights . . . cannot amount to a 'wrongful threat' for purposes of a RICO claim."). Additionally, extortion-based claims must also "allege specific facts" to support the extortion allegations. *Cervantes Orchards & Vineyards v. Deere & Co.*, 731 F. App'x 570, 572 (9th Cir. 2017). The amended complaint is devoid of any specific facts giving rise to a claim for extortion. Khalid's failure to allege racketeering activity further requires dismissal of this claim.

**Finally**, Khalid has not alleged that any actions by Citrix were the proximate cause of his claimed injuries. *See Eclectic Props. E. v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (holding that conduct must be "the proximate cause of harm to the victim."). Khalid's lone assertion that he "suffered damages proximately caused by the actions of Defendants as set forth below" fails because it does not sufficiently tie any purported RICO violation to his injuries. Am. Compl. ¶ 93.

Khalid's § 1962(d) claim for conspiracy to violate RICO also fails because he has not stated a RICO claim. "To establish a violation of section 1962(d), a plaintiff must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online Inc.,* 208 F.3d 741, 751 (9th Cir. 2000). As discussed above, Khalid has not adequately pleaded a RICO claim, thus his claim for conspiracy to violate RICO must be dismissed. *See Khalid*, 2020 WL 1674123, at *9 (dismissing Section 1962(d) claim because Khalid did not state a Section 1962(c) claim).

### 4.    Khalid Fails to State a Civil Rights Claims (Counts 6, 7, and 8)

Khalid's civil rights claims under 42 U.S.C. § 1983, § 1985(2), and § 1985(3) also fail. Khalid contends Citrix conspired in violation of § 1983 by interfering with his constitutional rights under Article I, Clause 8, § 8 of the Constitution and depriving him from enjoying his

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 19

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

property or rights. He similarly argues that Citrix conspired under § 1985 to obstruct justice and deprive Khalid and other inventors of their exclusive rights. Khalid cannot maintain these claims.

As Khalid's amended complaint reveals, Khalid became aware ***no later than*** October 2011 that Citrix claimed ownership of the patents at issue. Am. Compl. ¶ 18. This claim of ownership is, in fact, the very basis for Khalid's ongoing state court litigation. Khalid filed the amended complaint almost ***nine years after*** he learned of these potential claims, ***five years after*** filing state court claims on the same factual nexus. Khalid's civil rights claims under 42 U.S.C. § 1985(2) and 42 U.S.C. § 1983 are, therefore, not only precluded but time-barred. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (three-year statute of limitations for § 1983 claims in Washington State); *McDougal v. Cty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (statute of limitations for § 1985 claims is same as for § 1983 claims). As with many of his baseless claims, Khalid was on notice of this three-year requirement from his dismissed complaint against Microsoft. *Khalid*, 409 F. Supp. 3d at 1036 (three-year statute of limitations applies to § 1985 and § 1983 claims).

Khalid's extreme and unwarranted delay in bringing the instant claims as well as his preclusion by the State Action are reason enough to dismiss them with prejudice. Even if Khalid had timely filed these claims within the three-year statute of limitations period, and there was no parallel action against Citrix, he fails to satisfy the required elements of civil rights claims under § 1983 and § 1985. A claim under § 1983 requires that a person or entity be acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" when depriving a party of his rights, privileges or immunities. 42 U.S.C. § 1983; *Khalid*, 409 F. Supp. 3d at 1036. Although Khalid appears to acknowledge that state action or state involvement is generally required to state a claim under § 1983, he alleges that no state action or state involvement is required here. Am. Compl. ¶ 148. Judge Martinez summarily rejected this specific argument in *Khalid v. Microsoft*, stating that this allegation is unsupported and contradicts well-established precedent that § 1983 claims against private actors require a state nexus. *Khalid v. Microsoft Corp.*, 2019 WL 6213162, at *2. *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

Cir. 2012); *Freier v. N.Y. Life Ins. Co.*, 679 F.2d 780, 783 (9th Cir. 1982); *Stewart v. Burlington N. Santa Fe R.R.*, 31 F. Supp. 2d 1243, 1244 (W.D. Wash. 1999).

Furthermore, as Judge Martinez has already made clear to Khalid, Article I, Clause 8, § 8 of the Constitution "authorizes Congress to pass laws that protect the property rights of authors and inventors. It ***does not*** make inventors a protected class subject to civil rights protections." *Khalid,* 2019 WL 6213162, at *2 (emphasis added). Khalid has (knowingly) failed to allege the requisite state action or to identify a constitutional right of which he was deprived, and his § 1983 claim must be dismissed with prejudice.

Khalid's § 1985 claims are similarly unavailing. To state a cause of action under § 1985, Khalid must show that (1) some racial or otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action; and (2) the conspiracy was aimed at interfering with rights that are protected against private, as well as official encroachment. 42 U.S.C. § 1985; *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). As in *Khalid v. Microsoft*, Khalid has failed to allege that Citrix's actions were motivated by racial or class-based discriminatory animus. *See Khalid*, 409 F. Supp. 3d at 1037-38. Nothing in the amended complaint supports a disparate treatment claim—on the contrary, Khalid seeks to represent a class of "inventors" protected by Article I, Clause 8, § 8 of the Constitution. Article I, § 8 of the Constitution provides that "The Congress shall have Power . . . To Promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. CONST. ART. 1 § 8. Nothing in Section 8 of the Constitution makes inventors a protected class subject to civil rights protections, and Khalid has failed to otherwise explain how the proposed class could be a "class" protected under § 1985. *See Carter v. ALK Holdings, Inc.*, 605 F.3d 1319, 1325 (Fed. Cir. 2010) ("We agree with the district court that the Patent Clause does not create private rights of action on behalf of inventors."). Instead, "'Article I, Section 8, eighth clause, of the Constitution . . . does no more than grant power to Congress to secure certain rights to authors and inventors insofar as it elects to do so.'" *Id.* (quoting *Application of Cooper*, 254 F.2d 611, 616-617 (C.C.P.A. 1958) *cert.*

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 21

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1   *denied, In re Cooper*, 358 U.S. 840 (1958)).

2         This deficiency makes amendment futile, and the Court must dismiss Khalid's § 1985

3   claims with prejudice. *See Khalid*, 409 F. Supp. 3d at 1037-38 (quoting *Cordell v. Greater*

4   *Columbia Reg'l Support Network*, No. CV-05-5119, 2006 WL 2354342, at *4 (E.D. Wash.

5   Aug. 15, 2006) (Dismissing § 1985 claim with prejudice where plaintiff "failed to make even the

6   barest of allegations that the defendants' actions . . . are the offspring of a 'class-based

7   invidiously discriminatory animus.'")). Khalid knew about all of these fatal flaws when he

8   brought his claims because Judge Martinez specifically informed him. Citrix is entitled to

9   attorneys' fees for responding to these frivolous claims. *See Christiansburg Garment Co. v.*

10  *EEOC*, 434 U.S. 412, 421 (1978) (a district court may award attorneys' fees to a prevailing

11  defendant in a civil case if the plaintiff's claims are "unreasonable, frivolous, meritless, or

12  vexatious."); *Shevchynski v. City of Eugene*, 131 F.3d 148 (9th Cir. 1997) (awarding fees based

13  on plaintiff's failure to provide any information that would make defendant a state actor under

14  Section 1983). He should not be allowed to re-plead.

15         **5.       Khalid's Tort Claims are Time-Barred and Precluded (Count 9)**

16         Khalid's tort claims for common law trespass and interference with their chattels are

17  time-barred under the applicable three-year statute of limitations and must be dismissed. *See*

18  RCW 4.16.080; *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2013 WL

19  12064878, at *5 (W.D. Wash. Sept. 10, 2013) (three-year statute of limitations for contract and

20  business relations); *Louie v. Exxon Mobil Oil Corp.*, No. C09-48RAJ, 2011 WL 1475665, at *5

21  (W.D. Wash. Mar. 17, 2011) ("claims for negligence, trespass, nuisance are common law tort

22  claims subject to a three-year statute of limitations."). Khalid's claim arises out of Citrix's

23  alleged use of or interference with his patent right,[13] and accrued **no later than 2015**, when

24  Khalid filed the King County Superior Court action against Citrix. Am. Compl. ¶ 22. Although

25  Washington has recognized a theory of continuing torts in connection with the trespass of real

26

27  _____

[13] It is noteworthy that Khalid's allegation that the Employee Agreement was voidable and unenforceable, Am. Compl. ¶ 154, is legally incorrect as it mischaracterizes the holding in the State Court Action. Ames Decl., Ex. 12.

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

property, where, as here, Khalid alleged known actual and substantial damages well over three years before he filed this lawsuit, this theory cannot save Khalid's claims and dismissal is appropriate. *See Pac. Sound Res. v. Burlington N. Santa Fe Ry. Corp.,* 130 Wn. App. 926, 942, 125 P.3d 981 (2005).

Even if Khalid had timely raised common law tort claims for trespass and interference, his tort claims must be dismissed based on theories of claim and issue preclusion, discussed *infra. See Ensley v. Pitcher,* 152 Wn. App. 891, 899, 222 P.3d (2009) ("a matter which has been litigated, or on which there has been an opportunity to litigate, in a former action in a court of competent jurisdiction, should not be permitted to be litigated again."). It is undisputed that Khalid has already litigated this very issue in the State Action, Ames Decl., Ex. 4 ¶¶ 3.7, 3.8, and 3.21. No amount of amendment can change this undisputed fact: Khalid's claims must be dismissed with prejudice.

**6.      Khalid Fails to State a Claim under the Washington CPA (Count 10)**

Lastly, Khalid alleges that Citrix violated RCW 19.86.020. To state a claim under Washington's Consumer Protection Act ("CPA"), RCW Ch. 19.86, a plaintiff must allege "(1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered." *Philips N. Am. v. Summit Imaging Inc*., No. C19-1745JLR, 2020 WL 1515624, at *7 (W.D. Wash. Mar. 30, 2020). Khalid knows this, as his state court claim under the same statute is currently on appeal.

The CPA is intended to protect the public, not to provide an additional remedy for private wrongs. *Lightfoot v. MacDonald,* 86 Wn. 2d 331, 333, 544 P.2d 88 (1976); *Kazia Digo, Inc. v. Smart Circle Int'l,* No. C11–544RSL, 2012 WL 836233, at *3 (W.D. Wash. Mar. 12, 2012). Thus, to satisfy the threshold element of a CPA claim, a plaintiff must allege an unfair or deceptive act that deceives or "[has] the capacity to deceive a substantial portion of the public." *Nat'l Prod., Inc. v. Arkon Res., Inc*., 294 F. Supp. 3d 1042, 1050 (W.D. Wash. 2018), *aff'd,* 773 F. App'x 377 (9th Cir. 2019). To this end, RCW 19.086.020 typically involves cases alleging

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

trademark or trade name infringement based on the likelihood of confusing the general public. *See, e.g., Multifab, Inc. v. ArlanaGreen.com*, 122 F. Supp. 3d 1055, 1067 (E.D. Wash. 2015).

Khalid merely alleges that Citrix's actions were unfair and injurious to the public by depriving the public of the benefit of Khalid's patent development. Am. Compl. ¶¶ 162-163. Khalid fails to allege that Citrix engaged in a practice that did or had the capacity to deceive the public. While Khalid alleges injury to the public, notably the alleged injury is one caused only by Khalid himself due to the abandonment of his other patents. Because the matter at hand involves a bona fide and private dispute over patent ownership, not whether Citrix's ownership may deceive or confuse the public, Khalid has failed to allege a plausible CPA claim. If this Court declines to dismiss Khalid's CPA claim on the basis of issue or claim preclusion, dismissal is appropriate for failure to state a claim.[14]

**C.      Citrix is Entitled to Sanctions and its Reasonable Costs and Attorneys' Fees.**

Khalid advanced this lawsuit without a reasonable basis in law or fact. The amended complaint wholly disregards the requirements of Rule 11, which is designed to discourage precisely the type of baseless, frivolous, and time-barred allegations that Khalid brings here. Citrix, therefore, intends to request sanctions and its reasonable costs and attorneys' fees incurred in defending this action. Pursuant to F.R.C.P. 11(c)(2), Citrix will serve Plaintiffs with a copy of its motion for sanctions at least twenty-one days prior to filing the motion.

**V.      CONCLUSION**

Citrix respectfully asks the Court to dismiss Khalid's entire amended complaint with prejudice.

---

[14] If not dismissed on other grounds, the Court should decline to exercise jurisdiction over Khalid's state claims in the event the Court dismisses all federal claims. 28 U.S.C. § 1367.

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 24

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1   DATED this 26 day of August, 2020.

2                                       DAVIS WRIGHT TREMAINE LLP

3
                                        By  *s/ Paula L. Lehmann*
4                                           Paula L. Lehmann, WSBA # 20678
                                            Sarah Ames, WSBA #51052
5                                           Davis Wright Tremaine LLP
                                            929 108th Avenue NE, Suite 1500
6                                           Bellevue, WA  98004-4786
                                            T: (425) 646-6100
7                                           F: (425) 646-6199
                                            Email: paulalehmann@dwt.com
8                                           Email: sarahames@dwt.com

9                                           *Attorneys for Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Bellevue, Washington this 26th day of August, 2020.

By *s/ Lauree Anne Lingenbrink*
Lauree Anne Lingenbrink
Legal Assistant

CITRIX'S MOTION TO DISMISS
(2:20-cv-00711-RAJ) - 26

Davis Wright Tremaine LLP
LAW OFFICES
929 108 Avenue, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax