HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID, an individual, and on behalf of similarly situated, XENCARE SOFTWARE, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITRIX SYSTEMS, INC., a Delaware corporation, AKA John Doe *n*.<br><br>                    Defendants. | CASE NO 2:20-CV-00711-RAJ<br><br>ORDER |

   This matter comes before the Court on Defendant Citrix Systems, Inc.'s ("Defendant") Motion to Dismiss. Dkt. # 10. Having considered the parties' briefing, the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **GRANTED**.

## I.     BACKGROUND

Plaintiff ATM Shafiqul Khalid[1] ("Plaintiff" or "Khalid") is an engineer who had

---

[1] Khalid brings this action on behalf of himself and his company, Xencare Software, Inc. Both are named as plaintiffs. Although Khalid may represent himself, he cannot represent his company before this Court pursuant to Local Rule 83.2(b)(4) of the Western District of Washington, which requires that "[a] business entity, except a sole

ORDER – 1

been employed by Defendant Citrix Systems, Inc. ("Defendant" or "Citrix") for approximately five years beginning on September 18, 2006. Dkt. # 8 ¶ 13.[2]  On the day of his hire, Khalid signed an employment agreement that included a patent assignment clause ("Invention Assignment Clause"). Dkt. # 8 ¶ 14; Dkt. # 16 at 4.  During his employment with Citrix, Khalid filed two patent applications that resulted in US Patent No. 8,286,219 ("'219 patent") and US Patent No. 8,782,637 ("'637 patent").  Dkt. # 8 ¶ 16.

On October 3, 2011, Citrix terminated Khalid.  *Id.* ¶ 16.  On October 25, 2011, Citrix counsel claimed ownership of all patent applications filed by Khalid "which may be used in relation" with "products . . . sold by Citrix."  *Id.* ¶ 18.  On October 26, 2011, Khalid asked Citrix to reinterpret the employment agreement to align with what he alleged to be violations of RCW 49.44.140.  *Id.* ¶ 19.  Citrix declined to do so and maintained that it possessed ownership rights to the patent applications filed by Khalid.  *Id.* ¶¶ 20-21.

On October 2, 2015, Khalid sued Citrix in King County Superior Court "to clear patent ownership issue of '219 and '637 patent along with damage."  *Id.* ¶ 22.  He alleged violations of Washington's Consumer Protection Act ("CPA"), breach of employee contract, wrongful termination in retaliation, breach of the duty of good faith and fair dealing, and tortious interference, and sought declaratory judgment that the Invention Assignment Clause was unenforceable under RCW 49.44.140 and that Citrix had no ownership rights to the '219 or '637 patents.  Dkt. # 11-4 at 23-26; *Khalid v. Citrix Sys.,*

---

proprietorship, must be represented by counsel."  As Khalid asserts his claims as the sole plaintiff throughout his amended complaint, the Court will address him as the sole plaintiff here.

[2] In considering a motion to dismiss, the Court assumes the truth of the factual allegations set forth in the amended complaint, Dkt. # 8.  *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

ORDER – 2

1   *Inc.*, 15 Wash. App. 2d 1043 at *8.[3]

2       On May 5, 2016, Citrix attempted to remove the case to federal district court based

3   on diversity and filed several counterclaims, including breach of contract, unjust

4   enrichment, and infringement of Citrix's "Xen" trademark in violation of the Lanham

5   Act. *Khalid v. Citrix Systems*, No. C16-0650 JCC, 2016 WL 9412678 (W.D. Wash. May

6   5, 2016) (Dkt. # 1). A month later, Khalid filed a motion to remand the case back to state

7   court. *Id.* (Dkt. # 19). On July 21, 2016, the Honorable John C. Coughenour remanded

8   the case after concluding that removal was untimely. *Khalid v. Citrix Sys. Inc.*, No. C16-

9   0650 JCC, 2016 WL 9412678, at *1 (W.D. Wash. July 21, 2016). Three weeks later, on

10  May 27, 2016, Microsoft sent a letter to Khalid ("M&G letter") claiming that Microsoft

11  had rights to patents '219 and '637 based on its vendor agreement with Citrix. Dkt. # 8

12  ¶ 24.

13      After remand to state court, Khalid moved for partial summary judgment claiming,

14  among other things, that the Invention Assignment Clause was unenforceable because it

15  violated RCW 49.44.140 and that Citrix's actions constituted unfair or deceptive acts

16  under RCW 19.86.020 and an unlawful restraint of trade under RCW 19.86.030. *Khalid*

17  *v. Citrix Sys., Inc.*, 15 Wash. App. 2d 1043 at *8. Citrix filed a cross motion for summary

18  judgment seeking dismissal of all of Khalid's claims and for summary judgment on its

19  infringement claim against Khalid's use of "Xen." *Id.*

20      In 2018, the trial court granted in part Khalid's motion for summary judgment

21  with respect to his CPA claim under RCW 19.86.020 finding that his employment

22  agreement with Citrix violated RCW 49.44.140. *Id.* at *9. The court concluded that the

23  remedy for the violation, however, was "to strike the offending language and amend the

24  language to conform to the requirements of the statute." *Id.* The trial court denied the

---

26  [3] A court may "'take judicial notice of matters of public record outside the pleadings' and

27  consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646, 649 (9th Cir. 1988).

28  ORDER – 3

remaining claims, including the ownership of the patents at issue. *Id.* Finally, the court concluded that Khalid had infringed Citrix's trademarks based on his use of Citrix's "Xen" trademarks for his startup businesses but otherwise denied Citrix's motion for summary judgment. *Id.* Citrix filed a motion for summary judgment on Khalid's restraint of trade claim alleging that Khalid had no evidence that Citrix had conspired with any other entity to restrict competition. *Id.* The trial court granted the motion and dismissed Khalid's claim under RCW 19.86.030. *Id.* Khalid's remaining claims for the jury included the following: (1) alleged breach of the Employment and Severance Agreements; (2) alleged breach of the covenant of good faith and fair dealing related to these two agreements; CPA violation; and (4) tortious interference with Khalid's business expectancies. *Id.*

In 2018, a jury found that Citrix had breached Khalid's employment agreement and severance agreement and awarded Khalid over $3 million in damages. *Id.* The trial court concluded that "Citrix has no ownership or other rights to or arising under US Patent No. 8,286,219 and 8,782,637," and entered a declaratory judgment in Khalid's favor with respect to patent ownership. *Id.* In post-trial motions, Khalid was awarded $2.6 million in attorney fees and costs, and Citrix was awarded $117,816 in legal fees and costs for prevailing in part on summary judgment in its trademark infringement counterclaim. *Id.* Both Khalid and Citrix appealed various pre-trial, trial, and post-trial decisions. *Id.*

In 2019, Khalid filed suit *pro se* against Microsoft, where he was employed from 2012 through 2015, alleging various claims related to the patents at issue in the state case. Dkt. # 11-6; *Khalid v. Microsoft Corp.*, No. C19-130-RSM, 2020 WL 1674123, at *1 (W.D. Wash. Apr. 6, 2020). He asserted violations of Sections 1 and 2 of the Sherman Act; violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962(c-d); Actual or Attempted Forced Labor 18 U.S.C. § 1589 predicated on a RICO violation 18 U.S.C. § 1964; violation of civil rights under 42 U.S.C. § 1983 and

ORDER – 4

1985; and violation of 18 U.S.C. § 1595(a), among others.  Dkt. # 11-6 ¶¶ 97-165.  After dismissing his initial complaint with leave to amend, the Honorable Ricardo S. Martinez dismissed with prejudice Khalid's second amended complaint on April 6, 2020.  *Khalid*, 2020 WL 1674123, at *11.

On May 11, 2020, Khalid filed suit *pro se* against Citrix in this Court.  Dkt. # 1. In his amended complaint, Khalid alleged that Citrix violated various federal statutes by "claiming free ownership to '219 and '637 patents."  Dkt. # 8 ¶¶ 96-163.  He asserted violations of three provisions of the Clayton Act; violations of Sections 1 and 2 of the Sherman Act; attempted violation of involuntary servitude under 18 U.S.C. § 1594(a); violation of RICO, 18 U.S.C. § 1962(c-d); conspiracy – obstruction of justice under 42 U.S.C. § 1985(1)-(2); violations of civil rights under 42 U.S.C. § 1983, and others.  *Id*. On August 26, 2020, Citrix filed the pending motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.  Dkt. # 10.

After the motion to dismiss was fully briefed before this Court, the Court of Appeals of Washington issued its ruling on the parties' state court appeals.  *Khalid v. Citrix Sys., Inc.*, 15 Wash. App. 2d 1043.  On December 7, 2020, the appeals court "affirm[ed] the decisions of the trial court and the judgment entered on the jury's verdicts."  *Id.* *1.  The court remanded with instructions to adjust attorney fee awards and prejudgment interest based on its finding that the trial court erred in denying Khalid pre-judgment interest on the jury's $3 million damages award and in awarding Citrix attorney fees on its trademark infringement claim.  *Id*.

## II.    LEGAL STANDARD

Citrix moves the Court to dismiss Khalid's amended complaint under Rules 12(b)(1) and 12(b)(6).  Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction.  An argument against jurisdiction may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

2004).  In a facial attack, the moving party claims that the allegations in the complaint "are insufficient on their face to invoke federal jurisdiction." *Id.*  In a factual attack, the moving party disputes the truth of the allegations that would invoke federal jurisdiction. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Twombly*, 550 U.S. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint.  However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint").  A court may "properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."  *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated by Astoria Fed. Sav. & Loan Ass'n v. Solimino on other grounds*, 501 U.S. 104 (1991).  With these principles in mind, the Court turns to the instant motion.

Under Rule 201 of the Federal Rules of Evidence, a court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may take judicial notice on its own at any stage of the proceeding. Fed. R. Evid. 201(c-d). Pursuant to this Rule, the Court takes notice of the state court proceedings in which Plaintiff and Defendant were litigating the same matters at issue here.

### III.    DISCUSSION

In the pending motion, Citrix alleges, *inter alia*, that Khalid's claims are barred by issue and claim preclusion and they fail to state claims. Dkt. # 10 at 13-14. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Accordingly, the preclusive effect in this Court of Khalid's state court judgment is determined by Washington law.

Under Washington state law, issue preclusion, or collateral estoppel, bars the re-litigation of issues that were decided in a previous proceeding involving the same parties. *Sprague v. Spokane Valley Fire Dep't*, 409 P.3d 160, 183 (Wash. 2018). To prevail on an argument of issue preclusion or collateral estoppel in Washington, a defendant must show (1) the actions address the same issues; (2) the prior action ended in a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party to, or in privity with, a party to the prior action; and (4) application of the doctrine is not unjust. *Afoa v. Port of Seattle*, 421 P.3d 903, 914 (Wash. 2018). Washington courts have held that "summary judgment can be a final judgment on the merits with the same preclusive effect as a full trial, and is therefore a valid basis for application of res judicata." *Ensley v. Pitcher*, 222 P.3d 99, 103 (Wash. Ct. App. 2009).

Washington's claim preclusion doctrine, or res judicata, "prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action."

ORDER – 7

*Eugster v. Washington State Bar Ass'n*, 397 P.3d 131, 145 (Wash. Ct. App. 2017) (emphasis added); *see also Williams v. Leone & Keeble, Inc.*, 254 P.3d 818, 820 (Wash. 2011). "Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington." *Ensley*, 222 P.3d at 102. Claim preclusion applies where the subsequent claim involves (1) the same subject matter, (2) the same cause of action, (3) the same persons and parties, and (4) the same quality of persons for or against whom the claim is made. *Afoa*, 421 P.3d at 914; 254 P.3d at 820.

Washington does not, however, require literal identity of claims to satisfy the second factor. *Eugster v. Washington State Bar Ass'n*, 397 P.3d 131, 146 (Wash. 2017). Instead, Washington courts consider four factors to determine whether two causes of action are the same: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." 222 P.3d at 104. These four factors are to be used as "analytical tools; it is not necessary that all four factors be present to bar the claim." *Id.* Moreover, Washington courts apply the primary-rights theory, under which violation of the same primary right gives rise to a single cause of action. According to the Supreme Court of Washington, "the claim is the same if the same primary right is violated by the same wrong in both actions, or if the evidence needed to support the second action would have sustained the first action." *Mellor v. Chamberlin*, 673 P.2d 610, 612 (Wash. 1983) (internal quotation and citation omitted).

The preclusive effect of state court judgments has been qualified with respect to matters that are within the exclusive jurisdiction of federal courts. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382, (1985). The United States Supreme Court held the following:

1

2        With respect to matters that were not decided in the state proceedings, we note that
         claim preclusion generally does not apply where "[t]he plaintiff was unable to rely
3        on a certain theory of the case or to seek a certain remedy because of the
         limitations on the subject matter jurisdiction of the courts . . . ." Restatement
4        (Second) of Judgments § 26(1)(c)(1982). If state preclusion law includes this
         requirement of prior jurisdictional competency, which is generally true, a state
5        judgment will *not* have claim preclusive effect on a cause of action within the
         exclusive jurisdiction of the federal courts."
6
         *Id.*
7
         Washington's law on claim preclusion requires prior jurisdictional competency

8  because it bars the re-litigation of claims and issues "that were litigated *or could have*

9  *been litigated* in a prior action." *Eugster*, 397 P.3d at 145 (emphasis added); *see also,*

10 *e.g.*, *In re Lease Oil Antitrust Litig. (No. II)*, 16 F. Supp. 2d 744, 750-51 (S.D. Tex.

11 1998), *aff'd*, 200 F.3d 317 (5th Cir. 2000) (holding that "the limitation of preclusive

12 effect to those claims which 'could have been litigated in the prior action' . . . would

13 indicate that the Alabama Supreme Court requires prior jurisdictional competency"). The

14 Court, therefore, must consider whether each of Khalid's claims raised here were or

15 could have been litigated in the prior state court action.

16        In both the amended complaint before this Court, Dkt. # 8, and the state court

17 complaint, Dkt. # 11-4, Khalid alleged the same facts in support of the same key issue,

18 that is, ownership rights of two specific patents. In the state complaint, Khalid sought

19 declaratory judgment that Citrix had no ownership rights to U.S. patent '219 or '637, and

20 asserted various claims related to such a judgment, such as a breach of contract claim for

21 enforcement of an invention assignment section that restricted his patent ownership

22 rights, and tortious interference with a contract or business expectancy based on Citrix's

23 "refusal to release its patent claim," among others. Dkt. # 11-4 at 23. The trial court

24 concluded, and the court of appeals affirmed, that "Citrix has no ownership interest in

25 two of Khalid's patents ['219 and '637]" and entered declaratory judgment to that effect

26 in Khalid's favor. 15 Wash. App. 2d 1043 at *1.

27        Khalid now asserts ten causes of action before this Court. Dkt. # 8. Although

28 ORDER – 9

Khalid asserts various federal law claims in place of most of the previously litigated state law claims, the claims are still centered on the exact same subject matter, that is, the ownership of '219 and '637 patents. Dkt. # 8 ¶¶ 94-163. The claims also involve the same parties and the same quality of persons for or against whom the claim is made because Khalid and Citrix are in the same roles of plaintiff and defendant. *Walker v. BAC Home Loans Servicing, L.P.*, No. C14-1709JLR, 2015 WL 999920, at *5 (W.D. Wash. Mar. 5, 2015). Khalid does not dispute this. Instead, he argues that res judicata does not apply here because "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents." Dkt. # 16 at 7 (citing 28 USC § 1338(a)). This argument, on its face, could defeat claim preclusion by showing that the cause of action raised before this Court was not and could not have been asserted in state court based on the exclusive jurisdiction of federal courts. *See Marrese*, 470 U.S. at 382.

As a preliminary matter, the Court finds that Counts 9 and 10, a common law tort claim and an unfair competition claim under RCW 19.86.020, both of which were based on Citrix's claim to ownership of the patents at issue, are not federal law claims and could have been litigated in the prior state court action. Dkt. # 8 ¶¶ 153-63. For purposes of claim preclusion, both causes of action involve the same subject matter, the same parties, and the same quality of persons for or against whom the claim is made as those in the state court claims. Both claims also constitute the "same cause of action" as prior state claims because they arise out of the same transactional nucleus of facts, involve substantially the same evidence as those litigated in the state action, and a primary right is violated by the same wrong. *See Ensley*, 222 P.3d at 104; *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995). Consequently, these two pending claims are precluded from consideration by this Court.

Counts 1 through 8 are claims brought under federal statutes, which Khalid seems to argue cannot be litigated in state court. *See* Dkt. # 16 at 7. This is misleading. The

grant of jurisdiction to federal courts does not by itself make federal jurisdiction exclusive. *Rice v. Janovich*, 742 P.2d 1230, 1233 (Wash. 1987); *see also* 453 U.S. at 479 (holding that the "mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action"). Indeed, "[t]he general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78 (1981). The Court considers the claims in *seriatim* to determine (1) whether they are precluded from consideration by this Court, and if not, (2) whether they state a claim for relief that it plausible on its face.

### A. Count I - Violations of Clayton Act

In Count I, Khalid alleges various violations of the Clayton Act pursuant to 15 USC §§ 13-14,18. First, he alleges that by "claiming free ownership or free license to [patents '219 and '637] using an illegal contract, declining $50,000/patent licensing offer, withholding severance money and filing injunction costing Khalid $2.8 million," Citrix engaged in price fixing in violation of the Clayton Act, 15 U.S.C. § 13. Dkt. # 8 ¶ 95. Khalid also alleges that Citrix restricted Khalid from engaging with any competitors with respect to the patents at issue in violation of the exclusive dealings provision of Section 14 of the Clayton Act. *Id.* ¶ 96. Finally, Khalid alleges that by claiming ownership of the patents at issue, Citrix sought to engage in an "illegal and hostile takeover [of] the patent market to lessen competition," in violation of Section 18 of the Clayton Act *Id.* ¶ 97. Because violations of the Clayton Act are generally considered to be within the exclusive jurisdiction of federal courts, this claim is not necessarily precluded here. *Rice v. Janovich*, 742 P.2d 1230, 1233 (Wash. 1987). Nevertheless, the Court finds that Khalid fails to state a claim under the Clayton Act.

ORDER – 11

Under 15. U.S.C. § 18, or Section 7 of the Clayton Act, business acquisitions whose effect "may be substantially to lessen competition, or to tend to create a monopoly" in a relevant market are prohibited.  Plaintiffs must "first establish a prima facie case that a merger is anticompetitive." *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 (9th Cir. 2018).  A plaintiff must allege facts that an acquisition creates "an appreciable danger" or "a reasonably probability" of anticompetitive effects in a particular market.  *Id.*  Here, Khalid fails to allege any cognizable merger, much less any anticompetitive effects or appreciable danger in a particular market.

Similarly, his claims of price fixing and exclusive dealing under the same statute are without factual support.  "Exclusive dealing involves an agreement between a vendor and a buyer that prevents the buyer from purchasing a given good from any other vendor." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp.*, 592 F.3d 991, 996 (9th Cir. 2010).  Khalid does not point to any such agreement that would foreclose a buyer from buying a particular good from another vendor.  Similarly, he points to no agreement on price fixing.  Khalid's attempt to repackage a contractual dispute into a federal antitrust claim is unsuccessful and is dismissed.

**B.  Count II - Violation of Sherman Act, Section 1**

In his second cause of action, Khalid alleges that Citrix violated Section 1 of the Sherman Act in concert with Microsoft both through a *per se* violation of the statute and through its conduct in "maintain[ing] illegal ownership claim on '219 and '637 patent by Citrix and Microsoft [violating] 'the exclusive Right' [of the patents at issue]."  Dkt. # 8 ¶¶ 99-112.  Under Section 1 of the Sherman Act "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."  15 U.S.C. § 1.

In state court, Khalid also filed a restraint of trade claim under RCW 19.86.030, which is Washington's equivalent of section 1 of the Sherman Antitrust Act, *see State v. Black*, 676 P.2d 963, 967 (1984).  *Khalid v. Citrix Sys., Inc.*, 15 Wash. App. 2d 1043 at

ORDER – 12

*8.  Similar to Section 1 of the Sherman Act, the state statute RCW 19.86.030 provides that "[e]very contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is hereby declared unlawful."  RCW 19.86.030.  "In construing RCW 19.86.030, courts are to be guided by federal decisions interpreting comparable federal provisions."  *Murray Pub. Co. v. Malmquist*, 66 Wash. App. 318, 324, 832 P.2d 493, 497 (1992).  The trial court dismissed this claim, and the Court of Appeals of Washington reviewed Khalid's appeal of the dismissal and concluded that the trial court did not err in dismissing the claim.  *Khalid v. Citrix Sys., Inc.*, 15 Wash. App. 2d 1043 at *13.  This constitutes final judgment under Washington preclusion doctrine.  *See Ensley*, 222 P.3d at 103.

Khalid now seeks to resubmit his restraint of trade claim under RCW 19.86.030 in state court as a restraint of trade claim under the Sherman Act before this Court.  Under Washington law, "a plaintiff is not allowed to recast his claim under a different theory and sue again . . . . [A]ll issues which might have been raised and determined are precluded."  *Shoemaker v. City of Bremerton*, 745 P.2d 858, 860 (Wash. 1987) (en banc).  The action here addresses the same issues as in the state court action, the prior action ended in a final judgment on the merits, and Citrix is the defendant in both actions, satisfying three out of the four requirements for issue preclusion.  *Afoa*, 421 P.3d at 914.  With respect to the final requirement, Court finds that the application of issue preclusion here is not unjust because Khalid had a full opportunity to litigate this issue.  Thus, the Court is precluded from conducting such duplicative review of this issue.

## C.  Count III – Violation of the Sherman Act, Section 2

Under Section 2 of the Sherman Act, "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony."  15 U.S.C. § 2.  Khalid's claim that Citrix violated Section 2 of the Sherman Act is based on the same theory and alleged facts he

ORDER – 13

submitted in *Khalid v. Microsoft Corp*. 2020 WL 1674123, at *3. It fails here for the same reasons.

Khalid claims that Citrix "attempted to retain 100% market power within the $4 billion sub-market attached to the '637 patent, and share that market power with Microsoft." Dkt. # 8 ¶ 115. This act, Khalid contended, violated Section 2 of the Sherman Act for "attempted monopoly in the sub-market." *Id.* To state a claim for attempted monopolization, a plaintiff must allege (1) specific intent to control process or destroy competition; (2) predatory or anticompetitive conduct directed at accomplishing that purpose; (3) a dangerous probability of achieving "monopoly power" and (4) causal antitrust injury. *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1432–1433 (9th Cir. 1995). However, as already confirmed by the district Court in *Khalid v. Microsoft Corp.*, "economic market power cannot be inferred from the mere fact that one holds a patent." 2020 WL 1674123, at *7. Moreover, "an intent to acquire patent rights does not automatically equate to an intent to monopolize or attempt to monopolize a particular market." *Id.* The Court agrees with this analysis and dismisses this claim.

### D. Count IV – Attempt to Violate Involuntary Servitude, 18 U.S.C. § 1594(a)

Khalid alleges that Citrix's alleged attempt to obtain patent titles from Khalid without compensation constitutes "an attempt . . . to get free labor or service with serious harm" in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589. Dkt. # 8 ¶ 122. The statute bars a person from "knowingly provid[ing] or obtain[ing] the labor or services of a person . . . by means of force . . . by means of serious harm or threats of serious harm . . . by means of the abuse or threatened abuse of law or legal process." 18 U.S.C. § 1589(a). Khalid brought the same claim against Microsoft in his original complaint in *Khalid v. Microsoft*, alleging the same facts as here with respect to his work and time spent on patents '219 and '637. There, as here, Khalid claims "he would have never offered Citrix [or Microsoft] voluntarily free labor or service." Dkt. # 8 ¶ 123.

ORDER – 14

However, as Judge Martinez noted in his earlier order dismissing Khalid's original complaint in *Khalid v. Microsoft*, Khalid had not been coerced to continue working on his patents—he had a choice. *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1034 (W.D. Wash. 2019), *appeal dismissed sub nom. ATM Shafiqul Khalid v. Microsoft Corp.*, No. 19-35841, 2019 WL 6250434 (9th Cir. Oct. 25, 2019), and *reconsideration denied*, No. C19-0130 RSM, 2019 WL 6213162 (W.D. Wash. Nov. 21, 2019).  The Court finds that Khalid's claims of involuntary servitude pursuant to 18 U.S.C. § 1584 and forced labor under 18 U.S.C. § 1589 against Citrix fail for the same reason.  His work on his patents was a choice, and there is no evidence of coercion by serious harm or a threat of serious harm by Citrix.  This claim is dismissed.

**E.  Count V – Violation of Racketeering Act, 18 U.S.C. § 1962(c-d)**

Khalid's RICO claim, which centers around that ownership rights to the patents at issue, is precluded because it could have been brought in state court.  The Supreme Court of Washington has held that state courts have concurrent jurisdiction over RICO claims. *Rice v. Janovich*, 742 P.2d 1230, 1235 (Wash. 1987) (holding that "RICO provides neither the explicit statutory direction or unmistakable implication of exclusivity, nor clear incompatibility with state court jurisdiction sufficient to overcome the presumption of concurrent jurisdiction").

The RICO claim involves the same subject matter—ownership of the two patents at issue—as well as the same parties and same quality of parties with respect to the positions they occupy as the claims already litigated in state court.  The cause of action is "the same" because it arises out of the same nucleus of facts, involves infringement of the same right, and the same evidence would be presented in the two actions.  *See Ensley*, 222 P.3d at 104.  Moreover, Washington's preclusion doctrine dictates the following:

> While the rule is universal that a judgment upon one cause of action does not bar suit upon another cause which is *independent* of the cause which was adjudicated, it is equally clear that *res judicata* applies to every point which properly belonged

to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

*Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995) (internal citations and quotations omitted).  Because Khalid could have raised this claim in his state court case, he is now barred from bringing it before this Court.

### F.  Count VI – VIII – Civil Rights Claims

Khalid alleges various violation of his civil rights under 42 U.S.C §§ 1983 and 1985.  Khalid contends that "inventors" are a protected class under the Constitution and that Congress is "required to secure 'the exclusive Rights' in inventions to inventors." Dkt. # 8 ¶ 135.  Khalid claims that "by using the M&G letter with false information, Citrix and Microsoft, or Citrix and its employees conspired for the purpose of . . . obstructing . . . justice in Washington state court, with intent to deny Khalid the equal protection of the laws." *Id.* ¶ 138.  These claims with the same factual nexus were filed before Judge Martinez and dismissed for failure to state a claim and untimeliness. *Khalid*, 409 F. Supp. 3d at 1037.  The Court concurs with these conclusions.

First, as Citrix notes, Khalid became aware that Citrix sought to claim ownership of the patents at issue in October 2011.  Dkt. # 19 at 29.  There is no dispute about this time frame as it is at the center of Khalid's state litigation.  Khalid filed this compliant almost nine years after he learned about Citrix's claim of the patents and five years after he filed suit in state court on the same issue.  Because there is a three-year statute of limitations for §§ 1983 and 1985 claims, his claims are untimely.  *Oliver v. Spokane Cty. Fire Dist. 9*, 963 F. Supp. 2d 1162, 1172 (E.D. Wash. 2013) (three-year statute of limitations for § 1983 claims in Washington); *McDougal v. Cty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (statute of limitations for § 1985 claims is the same as for § 1983 claims).

Second, Khalid fails to establish the elements of a civil rights claim under either statute.  As explained in *Khalid v. Microsoft*:

ORDER – 16

A claim under § 1983 requires that a person or entity be acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" when depriving a party of his rights, privileges or immunities. 42 U.S.C. § 1983. "Only in rare circumstances" will a court view a private party as a state actor for § 1983 purposes. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). For private conduct to constitute governmental action, there must be a "close nexus between the State and the challenged action that seemingly private behavior may be treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (internal quotations omitted).

409 F. Supp. 3d at 1036.  Having failed to allege any facts establishing the elements of a

civil rights claim under §§ 1983 or 1985, Khalid fails to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Citrix's Motion to Dismiss is **GRANTED**.

Because Plaintiff has already had the opportunity to litigate these claims or issues in both

state and federal court, the claims are dismissed with prejudice.


DATED this 14th day of April, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 17